UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
JAN KONOPCA, on behalf of himself and all others
similarly situated,

                                                    CLASS ACTION COMPLAINT

                        Plaintiff,

                                                    Civil Action No:

            -against-

COMCAST CORPORATION,

                        Defendants.
-------------------------------------------------------------------X

      Plaintiff, JAN KONOPCA ("Plaintiff"), individually and on behalf of all others similarly

situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking

    damages and any other available legal or equitable remedies resulting from the illegal

    actions of COMCAST CORPORATION ("Defendant"), in negligently, knowingly, and/or

    willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone

    Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's

    privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of New

    Jersey, seeks relief on behalf of a Class, which will result in at least one class member

    belonging to a different state than that of Defendant, a company incorporated in Indiana,

    with its principal place of business located in the State of Illinois. Plaintiff also seeks up to

    $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated

among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.  Venue is proper in the United States District Court for the District of New Jersey pursuant to 18 U.S.C. 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in the State of New Jersey, County of Monmouth.

## PARTIES

4.  Plaintiff, JAN KONOPCA ("Plaintiff"), is a natural person residing in Long Branch, New Jersey and is a "person" as defined by 47 U.S.C. § 153 (10).

5.  Defendant, COMCAST CORPORATION ("Defendant"), is a U.S.-based multinational mass media company and is a corporation incorporated under the laws of the State of Pennsylvania, with its principal place of business located at 1701 John F Kennedy Blvd, Philadelphia, Pennsylvania, 19103.

## FACTUAL ALLEGATIONS

6.  On information and belief, on a date better known to Defendants, Defendants began their campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages throughout the past four years by calling his cell phone number of (732)222-2222 numerous times seeking a third party.

7.  The Defendant called from numerous phone numbers, including but not limited 800-335-7194, 800-266-2278 and 866 375 9723, which phone numbers belongs to Defendant.

8.  Plaintiff confirmed these phone numbers as belonging to the Defendant by calling the above phone number and being greeted by a an automated message stating:

"Hello, this is Comcast.  We recently made a courtesy call to you to ask how satisfied you were with your recent interaction with Comcast…."

9. Defendant specifically used an automated telephone dialing system and prerecorded messages to call the Plaintiff on his cell phone on August 6, 2011 and August 29, 2011 amongst numerous other dates, calling the Plaintiff several times per day.

10. The Defendant would further leave automated, prerecorded messages on the Plaintiff's cell phone.  These prerecorded messages would typically state:

"Hello, this is Comcast.  As part of the customer guarantee, your satisfaction is very important to us.  We would like you to participate in our customer survey.  To continue with the survey, please press 1.  (Tone) This is a followup call from Comcast.  We would appreciate your feedback on a few brief questions.  Press 1 to continue.  (Tone). This is a followup call from Comcast.  We would appreciate your feedback on a few brief questions. Press 1 to continue.  (Tone).  This is a followup call from Comcast.  We would appreciate your feedback on a few brief questions.  Press 1 to continue.  (Tone).  I'm sorry, I don't recognize that entry.  If you would like to take the survey, please call (877)650-1008.  If you having problems with your Comcast service, please call 1(800)COMCAST.  That is 1(800)266-2278.  Again, to take a survey, please call (877)650-1008, or to contact Comcast call 1(800)266-2278"

11. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system.  Upon information and belief, Plaintiff has never provided his cell phone number to Defendant or had any business, educational or personal relationship with the Defendant.

12. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer or prerecorded message, and expressly directed Defendants to stop calling his cell phone number on numerous occasions.

13. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a

cellular telephone service when calling to the plaintiff's cell phone.

14. The Defendant therefore willfully violated the TCPA numerous times by placing autodialled calls and prerecorded messages to the Plaintiff's cell phone without his prior, express consent.

## CLASS ALLEGATIONS

15. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or prerecorded message and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

16. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or via the placement of prerecorded messages and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

17. Defendant, its employees and agents are excluded from The Class.

18. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

19. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at

this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

20. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

21. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call or prerecorded message (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

22. As a person that received numerous calls from Defendant using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

23. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of claims arising under the Telephone Consumer Protection Act and in prosecuting class actions.

24. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

26. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages,

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

A.      For mandatory statutory damages of $500.00 for each and every call placed to the cellular phones of the Plaintiff and the members of The Class in violation of the TCPA, as provided and pursuant to 47 USC §227;

B.      For enhanced trebled damages of $1,500.00, for each and every call placed to the cellular phones of the Plaintiff and the members of The Class in willful violation of the TCPA, as provided and pursuant to 47 USC §227;

C.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:         August 6, 2015

Respectfully submitted,

**MARCUS ZELMAN, LLC**

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq. (YZ5857)
ATTORNEYS FOR PLAINTIFF
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: 347-526-4093
Fax: 732-298-6256
Email: yzelman@MarcusZelman.com